JS-6

ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
California Bar No. 149883
    Federal Courthouse, 14th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-6166
    Facsimile:  (213) 894-7177
    E-mail: Steven.Welk@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| UNITED STATES OF AMERICA, | ) NO. EDCV 13-1538 ABC (SPx) |
|---|---|
| Plaintiff, | ) [PROPOSED] |
| v. | ) **CONSENT JUDGMENT OF FORFEITURE** |
| $275,010.00 IN U.S. CURRENCY, | ) |
| Defendant. | ) |

On or about August 27, 2013, Plaintiff United States of America ("the government," "the United States of America" or "plaintiff") filed a Complaint for Forfeiture alleging that the defendant $275,010.00 in U.S. Currency (the "defendant") was subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

The defendant was seized from Kevin Lamonte Watson ("Watson") on December 19, 2012.  Following the seizure, the

1  Federal Bureau of Investigation initiated administrative
2  forfeiture proceedings against the defendant, and Watson
3  submitted a claim in those proceedings, causing the matter to be
4  referred to the United States Attorney's Office for the Central
5  District of California for consideration of judicial forfeiture
6  proceedings.
7       Following the filing of the complaint, the government
8  published notice of the action on a government website in
9  accordance with Rule G(4)(a) of the Supplemental Rules for
10 Certain Admiralty and Maritime Claims and Asset Forfeiture
11 Actions.  The notice was published on www.forfeiture.gov between
12 September 9, 2013 and October 8, 2013, and included instructions
13 on how to contest the forfeiture, including the deadlines for
14 the filing of claims and answers.  In addition, the government
15 sent direct notice of the action to Watson in care of his
16 attorney.  The deadline for filing claims pursuant to the
17 published notice was November 8, 2013.  No claims have been
18 filed.
19      The parties have reached an agreement and wish to avoid
20 further litigation by entering into this Consent Judgment of
21 Forfeiture.  The government and Watson stipulate and agree that
22 neither is aware of any potential claimants to the defendant
23 other than Watson.  The parties stipulate and request that
24 Watson be relieved from filing a separate claim or answer, and
25 that this proposed consent judgment be deemed to satisfy the
26 claim requirement.
27
28

1  The Court, having been duly advised of and having
2 considered the matter, and based upon the mutual consent of the
3 parties hereto,

4  **HEREBY ORDERS, ADJUDGES, AND DECREES:**

5  1.  This Court has jurisdiction over the subject matter of
6 this action and the parties to this Consent Judgment of
7 Forfeiture.

8  2.  The Complaint for Forfeiture states a claim for relief
9 pursuant to 21 U.S.C. § 881(a)(6).

10  3.  Notice of this action has been given as required by
11 law.  No appearances have been made in the litigation by any
12 potential claimant.  Watson's agreement to this proposed consent
13 judgment satisfies the claim requirement.  The Court deems that
14 all other potential claimants admit the allegations of the
15 Complaint for Forfeiture to be true.

16  4.  $212,510.00 of the defendant, plus the interest earned
17 by the United States of America on the entirety of the
18 defendant, shall be and hereby is condemned and forfeited to the
19 United States of America, which shall dispose of those funds in
20 accordance with law.

21  5.  The remainder of the defendant (*i.e.*, $62,500.00) (the
22 "Non-Forfeited Funds") shall be returned to Watson.

23  6.  The funds to be returned to Watson pursuant to
24 paragraph 5 above shall be paid by electronic transfer directly
25 into the client trust account of Marks & Brooklier, attorneys of
26 record for claimant in this case.  Watson (through his attorney
27 Donald B. Marks, Esq.) shall provide all information and
28 complete all documents requested by the United States of America

in order for the United States of America to complete the transfer including, without limitation, providing claimant's taxpayer identification number and the identity of the bank, the bank's address and the account name, account number, account type and wire transfer routing number for the Donald B. Marks client trust account to which the transfer of funds is to be made.

7. The forfeiture of the $212,510.00, plus interest earned on the entirety of the defendant since seizure, does not constitute and shall not be construed as a payment of any taxes (including income taxes), fines or other obligations which may be owed by Watson, and this Consent Judgment of Forfeiture does not in any way affect any existing tax (including income tax), fine, liability or other debt owed by Watson.  Notwithstanding anything to the contrary in this Consent Judgment of Forfeiture (including, without limitation, paragraphs 5 and 6 above pertaining to the return of the Non-Forfeited Funds), nothing contained in this Consent Judgment of Forfeiture shall be deemed to restrict, waive, limit or otherwise prejudice in any way any rights of the United States of America (or any of its departments, agencies, representatives or designees) to seize, attach, levy on or by any other means take possession of any or all of the Non-Forfeited Funds, in order to satisfy any tax (including income tax), fine, liability or other debt owed by Watson, before those funds are returned to Watson by electronic transfer (as provided in paragraph 6 above).  Should the United States of America (or any of its departments, agencies, representatives or designees) undertake such action as to any or

1  all of the Non-Forfeited Funds, the affected Non-Forfeited Funds
2  shall not be physically returned to Watson by electronic
3  transfer (as provided in paragraph 6) or otherwise.
4       8.   Watson, on behalf of himself and each of his
5  respective officers, directors, shareholders, employees, agents,
6  representatives, heirs, successors and assigns (if any) hereby
7  releases the United States of America, its agencies, agents,
8  officers, employees and representatives, including, without
9  limitation, all agents, officers, employees and representatives
10 of the Federal Bureau of Investigation, the California Highway
11 Patrol, the United States Department of Justice and their
12 respective agencies, as well as all agents, officers, employees
13 and representatives of any state or local governmental or law
14 enforcement agency involved in the investigation or prosecution
15 of this matter, from any and all claims, actions, or liabilities
16 arising out of or related to this action, including, without
17 limitation, any claim for attorney fees, costs, and interest,
18 which may be asserted by or on behalf of claimant, whether
19 pursuant to 28 U.S.C. § 2465 or otherwise.
20      9.   The Court finds that there was reasonable cause for
21 the seizure of the defendant and institution of these
22 proceedings.  This judgment shall be construed as a certificate
23 of reasonable cause pursuant to 28 U.S.C. § 2465.
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

10. The Court further finds that Watson did not substantially prevail in this action, and the parties hereto shall bear their own attorney fees and costs.

DATED: December 17, 2013

_Audrey B. Collins_
THE HONORABLE AUDREY B. COLLINS
UNITED STATES DISTRICT JUDGE

**CONSENT**

The parties hereto consent to the above Consent Judgment of Forfeiture and waive any right of appeal.

DATED: December 12, 2013  ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division

_/s/ R Welk_
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

Attorneys for Plaintiff
United States of America

DATED: December 12, 2013  MARKS & BROOKLIER

_Donald B. Marks_
DONALD B. MARKS

Attorney for Claimant
KEVIN LAMONTE WATSON